Stephen H.M. Bloch (# 7813)
Hanna Larsen (#18458)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, Utah 84111
Telephone: (801) 486-3161
steve@suwa.org
hanna@suwa.org

Todd Tucci (Idaho Bar # 6526) (*pro hac vice* application forthcoming)
Hannah Goldblatt (Oregon Bar # 205324) (*pro hac vice* application forthcoming)
Andrew Hursh (Montana Bar # 68127109) (*pro hac vice* application forthcoming)
ADVOCATES FOR THE WEST
P.O. Box 1612 Boise, Idaho 83702
Telephone: (208) 342-7024
ttucci@advocateswest.org
hgoldblatt@advocateswest.org
ahursh@advocateswest.org

Attorneys for Proposed Defendant-Intervenors Conservation Groups

---

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION – SOUTHERN REGION**

| | |
|---|---|
| WASHINGTON COUNTY, UTAH, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR; BUREAU OF LAND MANAGEMENT; U.S. FISH AND WILDLIFE SERVICE; and DOES 1 through 10, inclusive, <br><br> Defendants, <br><br> and <br><br> CONSERVE SOUTHWEST UTAH, *et. al.*, <br><br> Proposed Defendant-Intervenors. | **[PROPOSED] MOTION TO DISMISS** <br><br> Case No. 4:24-cv-00067-DN-PK <br><br><br> Judge David Nuffer <br> Magistrate Judge Paul Kohler |

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................................................... ii

EXHIBIT INDEX .................................................................................................................... ii

LIST OF ACRONYMS ............................................................................................................ v

BACKGROUND ....................................................................................................................... 1

   I.   Red Cliffs National Conservation Area and Mojave Desert Tortoise .............................. 1

   II.  Washington County's Habitat Conservation Plan and Incidental Take Permit ................ 2

       A.  1995 HCP and ITP .................................................................................................. 2

       B.  2020 HCP and 2021 ITP .......................................................................................... 3

   III. 2021 Decisions Approving the Northern Corridor Highway Right-of-Way and
       Triggering Northern Corridor Changed Circumstance in 2020 HCP ............................... 4

   IV. The Court-Ordered Remand of the Northern Corridor Decisions ................................... 4

   V.  2024 Remand Decisions and Termination of UDOT's Right-of-Way .............................. 6

LEGAL STANDARD ................................................................................................................ 8

ARGUMENT .............................................................................................................................. 9

   I.   Plaintiff's First and Second Claims Must Be Dismissed Under Rule 12(b)(1) for
      Lack of Jurisdiction.......................................................................................................... 9

       A.  Plaintiff's First and Second Claims Fail to Identify a Final Agency Action
           under the APA.......................................................................................................... 10

       B.  Plaintiff's First and Second Claims are Moot............................................................ 12

   II.  Plaintiff's Third and Fourth Claims Should be Dismissed as Moot Under Rule
      12(b)(1). ............................................................................................................................. 13

CONCLUSION........................................................................................................................... 15

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*City of Erie v. Pap's A.M.*,

    529 U.S. 277 (2000).......................................................................................... 8, 12

*Colorado Farm Bureau Federation v. U.S. Forest Service*,

    220 F.3d 1171 (10th Cir. 2000) .............................................................. 8, 10, 11, 12

*Conserve Southwest Utah v. U.S. Department of Interior*,

    No. CV 21-1506, 2023 WL 7922785 (D.D.C. Nov. 16, 2023) ........................... 6, 14

*Ind v. Colorado Department of Corrections*,

    801 F.3d 1209 (10th Cir. 2015) ...................................................................... 9, 12, 14

*Kokkonen v. Guardian Life Insurance Company of America*,

    511 U.S. 375 (1994)............................................................................................... 8

*New Mexico ex rel. Richardson v. U.S. Bureau of Land Management.*,

    565 F.3d. 683 (10th Cir. 2009) ............................................................................. 15

*Public Service Co. of Colorado v. U.S. Environmental Protection Agency*,

    225 F.3d 1144 (10th Cir. 2000) ........................................................................... 12

*Rio Grande Foundation v. Oliver*,

    57 F.4th 114 (10th Cir. 2023) ......................................................................... 8, 12

*Rio Grande Silvery Minnow v. Bureau of Reclamation*,

    601 F.3d 1096 (10th Cir. 2010) ....................................................................... 8, 13

*Sinclair Wyoming Refining Co., LLC v. U.S. Environmental Protection Agency*,

    72 F.4th 1137 (10th Cir. 2023) ............................................................. 8, 10, 11, 12

*Southern Utah Wilderness Alliance v. Smith*,

    110 F.3d 724 (10th Cir. 1997) ........................................................................... 13

*Wyoming v. U.S. Department of Agriculture*,

    414 F.3d 1207 (10th Cir. 2005) ......................................................................... 15

**Statutes**

5 U.S.C. § 551........................................................................................................ 10

5 U.S.C. § 704......................................................................................................... 8

**Rules**

Federal Rule of Civil Procedure 12 ................................................................................. 8

**Regulations**

50 C.F.R. § 402.16 ......................................................................................................... 14

**EXHIBIT INDEX**

| **Exhibit** | **Description** |
| --- | --- |
| Exhibit 1 | Final Environmental Impact Statement, Northern Corridor Right-of-Way, Amended Habitat Conservation Plan and Incidental Take Permit, and Proposed Resource Management Plan Amendments, U.S. Bureau of Land Management and U.S. Fish & Wildlife Service (November 2020) |
| Exhibit 2 | Record of Decision, Northern Corridor Right-of-Way and Resource Management Plan Amendments, U.S. Bureau of Land Management (January 2021) |
| Exhibit 3 | Biological Opinion, Northern Corridor Highway, U.S. Fish & Wildlife Service (January 12, 2021) |
| Exhibit 4 | Habitat Conservation Plan for Washington County, Utah, U.S. Fish & Wildlife Service (October 2020) |
| Exhibit 5 | Final Environmental Impact Statement, Washington County Habitat Conservation Plan, U.S. Fish & Wildlife Service (January 2021) |
| Exhibit 6 | Record of Decision, Reconsideration of Highway Right-of-Way Application, U.S. Bureau of Land Management (December 2024) |
| Exhibit 7 | Amended Biological Opinion, Amended Resource Management Plans for the St. George Field Office and Red Cliffs National Conservation Area, U.S. Fish & Wildlife Service (March 2024) |
| Exhibit 8 | Final Supplemental Environmental Impact Statement, Reconsideration of Highway Right-of-Way Application and Incidental Take Permit Amendment, U.S. Bureau of Land Management and U.S. Fish & Wildlife Service (November 2024) |
| Exhibit 9 | Record of Decision, Incidental Take Permit Amendment for Washington County Amended Habitat Conservation Plan, U.S. Fish & Wildlife Service (December 19, 2024) |
| Exhibit 10 | Amended Biological Opinion, Washington County Amended Habitat Conservation Plan, U.S. Fish & Wildlife Service (December 10, 2024) |
| Exhibit 11 | Amended Incidental Take Permit, U.S. Fish & Wildlife Service (December 19, 2024) |

## LIST OF ACRONYMS

| | |
|---|---|
| APA | Administrative Procedure Act |
| BLM | Bureau of Land Management |
| BiOp | Biological Opinion |
| ESA | Endangered Species Act |
| FWS | U.S. Fish & Wildlife Service |
| HCP | Habitat Conservation Plan |
| ITP | Incidental Take Permit |
| NCA | National Conservation Area |
| RMP | Resource Management Plan |
| UDOT | Utah Department of Transportation |

Conserve Southwest Utah, Conservation Lands Foundation, Center for Biological Diversity, Southern Utah Wilderness Alliance, The Wilderness Society, and WildEarth Guardians (collectively, "Conservation Groups") respectfully move this Court for an Order dismissing this case for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## **BACKGROUND**

This litigation arises from a series of administrative and legal actions concerning Utah Department of Transportation's ("UDOT") application for a right-of-way for the Northern Corridor Highway, a four-lane highway proposed to transect Red Cliffs National Conservation Area ("NCA") and Mojave desert tortoise critical habitat in and around St. George, Utah.

### I.    **Red Cliffs National Conservation Area and Mojave Desert Tortoise**

Through the Omnibus Public Land Management Act of 2009 ("Public Lands Act"), Congress designated the Red Cliffs NCA. The purpose of the NCA is to conserve, protect, and enhance for the benefit and enjoyment of present and future generations the area's ecological, scenic, wildlife, recreational, cultural, historical, natural, educational, and scientific resources, as well as to protect federally-listed endangered species that depend on the NCA.[1] Red Cliffs NCA contains nearly 200 miles of non-motorized trails for hiking, mountain biking, and other recreation, and it includes two designated Wilderness areas within its boundaries.[2]

Red Cliffs NCA also contains important habitat for the Mojave desert tortoise, which has been listed as a "threatened" species under the Endangered Species Act ("ESA") since 1990.[3] The Mojave desert tortoise is a long-lived, slow-growing tortoise species found across portions

---

[1] *See* Ex. 1 at 11.
[2] Ex. 1 at 210; Ex. 2 at 62.
[3] Ex. 1 at 118; Ex. 3 at 28.

[PROPOSED] MOTION TO DISMISS — 1

of four states, including southwestern Utah and the Red Cliffs NCA.[4] Threats to the desert tortoise include human actions that result in mortality and permanent habitat loss; actions that fragment and degrade habitat are particularly harmful, including the proliferation of roads and highways, habitat invasion by nonnative plants, and wildfires.[5] Despite ESA listing, tortoise populations remain imperiled and in recent years have declined dramatically in the Red Cliffs NCA area.[6]

## II.    Washington County's Habitat Conservation Plan and Incidental Take Permit

### A.    1995 HCP and ITP

In 1995, after the Mojave desert tortoise was protected under the ESA, Washington County adopted an initial habitat conservation plan ("1995 HCP") pursuant to Section 10 of the ESA to guide management of tortoise habitat in Washington County and avoid liability for unlawful "take" of desert tortoise under Section 9 of the ESA.[7] The central element of the 1995 HCP was the creation of a 61,022-acre Red Cliffs Desert Reserve ("Reserve") in Washington County for the protection of Mojave desert tortoise and habitat.[8] In exchange for creating the Reserve and prohibiting development within its boundaries, the 1995 HCP supported FWS's issuance of an incidental take permit ("ITP") to Washington County under ESA Section 10, which allowed development to occur in tortoise habitat on non-federal lands outside the Reserve without liability for ESA "take" of desert tortoises.[9]

---

[4] Ex. 3 at 28–31; Ex. 1 at 97, 111.
[5] Ex. 3 at 31–32; Ex. 1 at 98–111.
[6] Ex. 1 at 114.
[7] Ex. 4 at 40.
[8] *Id.* at 37.
[9] *Id.* at 37–39.

### B.    2020 HCP and 2021 ITP

In 2020, Washington County submitted an amended HCP ("2020 HCP") reinstating and amending the 1995 HCP and seeking a new ITP with an extended 25-year term.[10] Like the 1995 HCP, the 2020 HCP proposed a program for conserving the local Mojave desert tortoise population that the County deemed to be compatible with its goal to support economic growth and development in Washington County.[11] In early 2021, FWS approved the 2020 HCP and issued an amended ITP ("2021 ITP").[12] The 2021 Amended ITP provided incidental take coverage for a variety of "covered activities"[13] causing habitat loss on potentially-suitable and occupied tortoise habitat in Washington County, including within the Reserve.[14]

The 2020 Amended HCP also included "changed circumstances" that may occur during the term of the 2021 Amended ITP, and corresponding measures the County would take in response to those changed circumstances.[15] The future grant of a right-of-way to UDOT for the Northern Corridor highway was included as a changed circumstance ("Northern Corridor changed circumstance").[16] Under the 2020 HCP and 2021Amended ITP, if the Northern Corridor changed circumstance was triggered, the County would take additional steps ostensibly designed to ensure the overall conservation program contemplated in the 2020 Amended HCP would still be achieved.[17] The triggers for the Northern Corridor changed circumstance were (1) BLM's

---

[10] *Id.* at 40.
[11] *Id.* at 98–99.
[12] Ex. 5 at 5–19.
[13] "Covered activities" are lawful, non-federal land uses or land development activities under the direct control of Washington County and performed within the 2020 HCP area that are reasonably certain to take desert tortoise.
[14] Ex. 4 at 46–49.
[15] *Id.* at 161.
[16] *Id.* at 161–69.
[17] *Id.*

[PROPOSED] MOTION TO DISMISS — 3

issuance of a right-of-way to UDOT for the Northern Corridor Highway; and (2) FWS's issuance of the Northern Corridor Biological Opinion ("BiOp") to provide incidental take coverage for the Northern Corridor.[18]

### III.    2021 Decisions Approving the Northern Corridor Highway Right-of-Way and Triggering the Northern Corridor Changed Circumstance in the 2020 HCP

In January 2021, then-Secretary of the Interior David Bernhardt approved UDOT's right-of-way application for the Northern Corridor Highway.[19] Additionally, FWS issued a BiOp and incidental take statement covering the Northern Corridor Highway and the associated amended Resource Management Plans ("RMPs") for the St. George Field Office and Red Cliffs NCA ("2021 Northern Corridor BiOp").[20] The 2021 Northern Corridor BiOp authorized take of threatened Mojave desert tortoise and adverse modification and destruction of its critical habitat by the Northern Corridor Highway right-of-way and associated RMP amendments.[21] These decisions triggered the Northern Corridor changed circumstance in Washington County's 2020 HCP, thus requiring the County to implement the associated conservation measures.[22]

### IV.    The Court-Ordered Remand of the 2021 Northern Corridor Decisions

Conservation Groups filed a lawsuit in D.C. District Court challenging BLM and FWS's 2021 decisions approving the Northern Corridor right-of-way, amending the RMPs for the Red Cliffs NCA and St. George Field Office, issuing the 2021 Northern Corridor BiOp, approving the 2020 HCP, and issuing the 2021 ITP.[23] Conservation Groups alleged that these decisions violated the Public Lands Act, the Land and Water Conservation Fund Act, the National

---

[18] *Id.* at 162.
[19] *See* Ex. 2.
[20] *See* Ex. 3.
[21] Ex. 3 at 6, 74–77.
[22] *See* Ex. 4 at 162.
[23] *See* First Am. Compl., *Conserve Sw. Utah v. U.S. Dep't of Interior*, No. CV 21-1506-ABJ, (D.D.C. July 27, 2021), ECF No. 16.

Environmental Policy Act, the National Historic Preservation Act, and the ESA.[24] Washington County and UDOT intervened in the case on behalf of BLM and FWS, which Conservation Groups did not oppose.[25]

After Conservation Groups moved for summary judgment in February 2023,[26] Conservation Groups and Defendants engaged in productive settlement negotiations. Before further briefing on summary judgment, Defendants moved to voluntarily remand the right-of-way approval and associated decisions based on some of the legal errors Conservation Groups identified.[27] Conservation Groups and Defendants also executed a settlement agreement whereby—upon the court's granting of Defendants' motion to remand—Defendants committed to take several actions: prepare a supplemental environmental analysis; continue consultation under the National Historic Preservation Act; issue a new decision on UDOT's right-of-way application; and update the 2021 Northern Corridor BiOp and ITP.[28]

In November 2023, the D.C. District Court granted Defendants' motion and ordered that "[t]he January 13, 2021 grant of right-of-way issued to Defendant [UDOT], incidental take permit issued to Defendant Washington County, Utah, biological opinions related to the Northern Corridor highway and incidental take permit, amendments to the Red Cliffs National Conservation Area and St. George Field Office Resource Management Plans, and their

---

[24] *See id.* ¶¶ 168–213.

[25] *See Conserve Sw. Utah v. U.S. Dep't of Interior*, No. CV 21-1506-ABJ (D.D.C. 2021), ECF Nos. 4, 5, 10, 15.

[26] Pls.' Mot. for Summ. J., *Conserve Sw. Utah v. U.S. Dep't of Interior*, No. CV 21-1506-ABJ (D.D.C. Feb. 27, 2023), ECF No. 42.

[27] Defs.' Mot. for Voluntary Remand, *Conserve Sw. Utah v. U.S. Dep't of Interior*, No. CV 21-1506-ABJ (D.D.C. May 22, 2023), ECF No. 53.

[28] Pls.' Reply re Mot. for Leave to File Sur-reply, Ex. 1 (Settlement Agreement), *Conserve Sw. Utah v. U.S. Dep't of Interior*, No. CV 21-1506-ABJ (D.D.C. Oct. 13, 2023), ECF No. 75-2; *see also* Ex. 6 at 7.

associated Records of Decision will be REMANDED to their respective agencies for reconsideration."[29] Defendants subsequently took actions as required by the court's order and settlement agreement, including those challenged by Plaintiff here.

## V.    2024 Remand Decisions and Termination of UDOT's Right-of-Way

In March 2024, in accordance with the D.C. District Court's remand order and the settlement agreement with Conservation Groups, FWS withdrew the 2021 Northern Corridor BiOp and issued an amended BiOp ("March 2024 BiOp").[30] Because of the remand of the Northern Corridor Highway right-of-way approval, the March 2024 BiOp covers only the effects of BLM's amended RMPs for the St. George Field Office and Red Cliffs NCA on Mojave desert tortoise and their critical habitat; it excludes the portions of the 2021 Northern Corridor BiOp that related to the highway right-of-way.[31] The March 2024 BiOp notes that "[s]ubsequent issuance of a [right-of-way] would require additional section 7 consultation."[32]

Plaintiff Washington County, Utah subsequently filed the present case, raising four claims against Defendants U.S. Department of Interior, BLM, and FWS.[33] The First and Second Claims challenge unidentified FWS decisions or determinations regarding continued application of "changed circumstances" measures in the County's 2020 HCP, in alleged violation of Section

---

[29] *Conserve Sw. Utah v. U.S. Dep't of Interior*, No. CV 21-1506, 2023 WL 7922785, at *9 (D.D.C. Nov. 16, 2023).

[30] Ex. 7.

[31] Ex. 7 at 3.

[32] *Id.* The RMPs were amended to allow generally for a right-of-way through Red Cliffs NCA, but not the Northern Corridor Highway specifically. Ex. 7 at 6. However, under the terms of the settlement agreement, now that the Northern Corridor right-of-way has been terminated, BLM "will amend the RMPs to reflect the 2024 decision." *See* Pls.' Reply re Mot. for Leave to File Sur-reply, Ex. 1 (Settlement Agreement), *Conserve Sw. Utah v. U.S. Dep't of Interior*, No. CV 21-1506-ABJ (D.D.C. Oct. 13, 2023), ECF No. 75-2.

[33] *See generally* Compl., ECF No. 2.

10 of the ESA.[34] The Third and Fourth Claims challenge the lawfulness of the March 2024 BiOp under ESA regulations regarding reinitiation of consultation.[35]

In November 2024, Plaintiff and Defendants filed their first stipulation to stay this case because "Defendants anticipate taking action that they contend will moot Plaintiff's claims."[36] Plaintiff noted that it "might seek to amend its complaint in response to the new decision."[37]

In November and December 2024, Defendants finalized the following additional actions as required by the D.C. District Court order and settlement agreement: (1) a final supplemental environmental impact statement reconsidering UDOT's right-of-way application and Washington County's incidental take permit amendment;[38] (2) a new decision terminating UDOT's right-of-way for the Northern Corridor Highway;[39] (3) a new decision amending Washington County's ITP to reflect BLM's decision to terminate UDOT's right-of-way ("2024 ITP"); [40] and (4) a new BiOp for the 2020 HCP.[41]

The Parties have since moved several more times to extend the stay in this case, noting that Plaintiff "continues to evaluate the effects of Defendants' decision on this matter, including whether Defendants' recent decisions give rise to additional claims under the ESA or other applicable laws."[42] The case is currently stayed until October 16, 2025.[43]

---

[34] *Id.* ¶¶ 70–92.
[35] *Id.* ¶¶ 94–115; *see also* 50 C.F.R. § 402.16; *Conserve Sw. Utah*, 2023 WL at *9.
[36] Stipulated Mot. to Stay, ECF No. 23, ¶ 3.
[37] *Id.* ¶ 5.
[38] *See* Ex. 8.
[39] *See* Ex. 6 at 5.
[40] *See* Ex. 9; *see also* Ex. 11.
[41] *See* Ex. 10.
[42] Stipulated Mot. to Stay, ECF No. 29, ¶ 10.
[43] Order Granting Mot. to Extend Stay, ECF No. 30.

[PROPOSED] MOTION TO DISMISS — 7

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the existence of subject matter jurisdiction. "Federal [district] courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction."[44] "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction."[45]

For claims brought under the Administrative Procedure Act ("APA"), a court lacks jurisdiction if a plaintiff fails to establish that defendants took "final agency action for which there is no other adequate remedy in a court."[46]

Additionally, courts "have no subject-matter jurisdiction if a case is moot."[47] "'Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.'"[48] In other words, "[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[49] In assessing mootness, "the crucial question is whether granting a present determination of the issues offered . . . will have some effect in the real world."[50] Thus, "a case becomes moot when a plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision."[51]

---

[44] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[45] *Id.*

[46] 5 U.S.C. § 704; *see also Colorado Farm Bureau Fed'n v. U.S. Forest Serv.*, 220 F.3d 1171, 1173 (10th Cir. 2000); *Sinclair Wyoming Ref. Co., LLC v. U.S. EPA*, 72 F.4th 1137, 1143 (10th Cir. 2023).

[47] *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010).

[48] *Id.* (quoting *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005)).

[49] *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

[50] *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1165 (10th Cir. 2023) (quoting *Kan. Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009)).

[51] *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (internal quotation marks omitted).

## ARGUMENT

Plaintiff's First and Second Claims do not challenge any final agency action, and thus, this Court lacks jurisdiction over those claims under the APA. Additionally, Defendants' December 2024 decisions terminating UDOT's right-of-way for the Northern Corridor Highway and issuing an amended ITP removed the possibility of any of Plaintiff's four claims presenting a live case or controversy. Plaintiff's case must therefore be dismissed as moot.

## I.    Plaintiff's First and Second Claims Must Be Dismissed Under Rule 12(b)(1) for Lack of Jurisdiction.

Plaintiff's First and Second Claims allege that Defendants are violating Section 10 of the ESA and the "No Surprises Rule."[52] The No Surprises Rule provides that FWS "will not require any conservation and mitigation measures in addition to those provided for in the plan without the consent of the permittee, provided the [agency] determines that the plan is being properly implemented."[53]

Plaintiff's allegations to support these claims are based on FWS's withdrawal of the 2021 Northern Corridor BiOp and issuance of the March 2024 BiOp. According to Plaintiff, withdrawal of the 2021 Northern Corridor BiOp removed one of the triggers for the Northern Corridor Highway changed circumstance in the 2020 HCP, thus making the associated conservation measures no longer applicable.[54] Plaintiff claims that FWS "determined that the County is nevertheless obligated to continue to carry out such responsive measures pursuant to the Northern Corridor changed circumstance," in violation of the ESA's No Surprises Rule.[55] Plaintiff seeks to enjoin FWS from enforcing the measures associated with the Northern Corridor

---

[52] Compl., ECF No. 2, ¶¶ 70–92.
[53] 50 C.F.R. § 17.32(b)(5)(ii).
[54] Compl., ECF No. 2, ¶¶ 74–77, 86–89.
[55] *Id.* ¶¶ 77, 89, 92.

[PROPOSED] MOTION TO DISMISS — 9

Highway changed circumstance until such time as FWS reissues a BiOp for the Northern

Corridor, and only if the Northern Corridor right-of-way remains in place.[56] Plaintiff also asks

this Court to direct FWS "to void the March 2024 Amended BiOp and reinstate the 2020

Northern Corridor BiOp."[57] These allegations fail to identify a final agency action under the

APA, and in any event, are rendered moot by Defendants' December 2024 decisions.

### A.      Plaintiff's First and Second Claims Fail to Identify a Final Agency Action under the APA.

Plaintiff's First and Second Claims appear to allege a violation of the APA by

challenging some "determination" by Defendants that is contrary to ESA Section 10 and the No

Suprises Rule.[58] To bring a claim under the APA, "[p]laintiffs have the burden of identifying

specific federal conduct and explaining how it is 'final agency action' within the meaning of

section 551(13)."[59] The Tenth Circuit has consistently found that the requirement to identify a

final agency action under the APA is jurisdictional.[60]

"Whether federal conduct constitutes final agency action within the meaning of the APA

is a legal question."[61] "[A]gency action" under the APA is defined as an "agency rule, order,

license, sanction, relief, or the equivalent or denial thereof, or failure to act."[62] To determine

whether an agency action is final, courts "look to whether its impact is direct and immediate . . . ;

whether the action marks the consummation of the agency's decisionmaking process . . . ; and

---

[56] *Id.* at 25.

[57] *Id.*

[58] *See id.* ¶¶ 70–92. To the extent that Plaintiff's First Claim is not plead as an APA claim, the claim should be dismissed under Rule 12(b)(1) for mootness, as described below. *See infra* pp. 12–13.

[59] *Colorado Farm Bureau Fed'n*, 220 F.3d at 1173; *see also* 5 U.S.C. § 551(13).

[60] *See, e.g.*, *Colorado Farm Bureau Fed'n*, 220 F.3d at 1173; *Sinclair Wyoming Ref. Co., LLC*, 72 F.4th at 1143.

[61] *Colorado Farm Bureau Fed'n*, 220 F.3d at 1173.

[62] 5 U.S.C. § 551(13).

whether the action is one by which rights or obligations have been determined, or from which legal consequences will flow."[63] "Finality thus attaches when an agency 'has rendered its last word on the matter in question.'"[64]

Here, Plaintiff has not met its burden of "identifying specific federal conduct," let alone explained how that conduct constitutes a "final agency action."[65] Plaintiff's First and Second Claims are premised entirely on the allegation that FWS "determined" the County must continue to carry out conservation measures associated with the Northern Corridor changed circumstance despite withdrawal of the 2021 Northern Corridor BiOp.[66] But Plaintiff does not identify any specific details regarding when, where, or how FWS made such a determination.[67] It does not make any allegations that such determination had an impact that was "direct and immediate," that it constituted the "consummation of the agency's decisionmaking process," or that it was one "by which rights or obligations have been determined, or from which legal consequences will flow."[68] Indeed, elsewhere in its complaint, Plaintiff states that FWS only "*indicated* that the County remains obligated to carry out the responsive actions described in the Amended HCP's Northern Corridor changed circumstance."[69] These vague allegations are insufficient to satisfy Plaintiff's jurisdictional burden under the APA.[70]

---

[63] *Colorado Farm Bureau Fed'n*, 220 F.3d at 1173–74 (cleaned up).

[64] *Sinclair Wyoming Ref. Co., LLC*, 72 F.4th at 1143 (quoting *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 478 (2001)).

[65] *See Colorado Farm Bureau Fed'n*, 220 F.3d at 1173.

[66] Compl., ECF No. 2, ¶¶ 77, 89, 92.

[67] *See* 5 U.S.C. § 551(13); *see generally* Compl., ECF No. 2.

[68] *See Colorado Farm Bureau Fed'n*, at 1173–74 (cleaned up).

[69] Compl., ECF No. 2, ¶ 54 (emphasis added).

[70] The withdrawal of the 2021 Northern Corridor BiOp and the issuance of the March 2024 BiOp cannot be the final agency actions that support Plaintiff's claim. Those decisions—which were required under the D.C. District Court's remand order—do not contain any directive or language requiring Plaintiff to continue to implement the Northern Corridor changed circumstance measures. Tellingly, Plaintiff's Complaint does not allege otherwise.

Accordingly, this Court lacks jurisdiction over Plaintiff's First and Second Claim under the APA, and they must be dismissed.[71]

### B.    Plaintiff's First and Second Claims are Also Moot.

Even if this Court had jurisdiction over Plaintiff's First and Second Claims under the APA—which it does not—the Court should otherwise dismiss them as moot under Rule 12(b)(1). If the issues presented by a legal claim are "no longer 'live' or the parties lack a legally cognizable interest in the outcome," then that claim must be dismissed as moot.[72] A claim is moot when its resolution by the court would have no "effect in the real world" because no actual, ongoing injury underlies the dispute.[73]

Here, Washington County's First and Second Claims are based upon purported issues with, and purported injury from, imposition of the Northern Corridor changed circumstances measures from the 2020 HCP and 2021 ITP. Because it is now abundantly clear that Washington County is no longer subject to those changed circumstances measures, the issues presented by Plaintiff's First and Second Claims are not connected to any ongoing harm and are moot.

Defendants' December 2024 decisions terminating UDOT's right-of-way and issuing a new ITP and BiOp for the 2020 HCP confirm that the Northern Corridor changed circumstances measures no longer apply. In the 2024 BiOp for the 2020 HCP, FWS stated as follows:

> Since the time the 2021 Amended HCP [BiOp] was issued, the ROW for the NCH Project has been terminated by the BLM. Due to this, the NCH changed circumstance is no longer triggered and the County's conservation program under

---

[71] *See Colorado Farm Bureau Fed'n*, 220 F.3d at 1174 (affirming dismissal where plaintiffs failed to identify a final agency action); *Sinclair Wyoming Ref. Co., LLC*, 72 F.4th at 1145 (dismissing for lack of jurisdiction challenge to EPA's email denial of exemption application because email neither determined Plaintiff's rights nor consummated EPA's decisionmaking and thus was not a final agency action); *Pub. Serv. Co. of Colorado v. U.S. EPA*, 225 F.3d 1144, 1147–49 (10th Cir. 2000) (dismissing appeal because EPA opinion letters did not constitute final agency action).

[72] *City of Erie*, 529 U.S. at 287.

[73] *Rio Grande Found.*, 57 F.4th at 1165; *Ind*, 801 F.3d at 1213.

the Amended HCP no longer includes measures tied to the NCH changed circumstance.[74]

The 2024 ITP record of decision further confirmed, "[t]he BLM's decision to terminate the UDOT ROW grant and endorse the Red Hills Parkway Expressway alternative means that under the County's 2020 Amended HCP, the Northern Corridor changed circumstance no longer applies."[75]

Because the measures associated with the Northern Corridor changed circumstance no longer apply to Plaintiff's actions under its 2020 HCP, a ruling on these claims would have "no effect in the real world."[76] Indeed, Plaintiff's request to enjoin FWS from enforcing the conservation measures associated with the Northern Corridor Highway changed circumstance "has already been obtained" and is thus "unnecessary."[77]

## II.    Plaintiff's Third and Fourth Claims Should be Dismissed as Moot Under Rule 12(b)(1).

Plaintiff's Third and Fourth Claims are also mooted by the issuance of the December 2024 decisions. Plaintiff's Third and Fourth Claims assert that in withdrawing the 2021 Northern Corridor BiOp and issuing the March 2024 BiOp, Defendants improperly reinitiated consultation under the ESA.[78] Plaintiff argues that Defendants' reinitiation of consultation was based on the settlement agreement with Conservation Groups, rather than the factors set out 50 C.F.R. § 402.16, and was therefore unlawful.[79]

---

[74] Ex. 10 at 10.

[75] Ex. 9 at 11; *see also* Ex. 11.

[76] *Rio Grande Silvery Minnow*, 601 F.3d at 1110, 1113 (case moot where court could not "issue a *present* determination with real-world effect" given that challenged BiOps were "no longer . . . operational").

[77] *See S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) (ESA case moot where requested injunctive relief "has already been obtained and an injunction would be unnecessary").

[78] Compl., ECF No. 2, ¶¶ 93–115.

[79] *Id.* ¶¶ 98–102, 109–113.

Even if Plaintiff was correct that the ESA's reinitiation regulations provide the only cause for reinitiation of consultation—which they do not[80]— Plaintiff's claims are moot. The December 2024 decision terminating the right-of-way removes any possibility of actual injury to Plaintiff or prospect of meaningful relief.[81] Plaintiff's Third and Fourth Claims seek to reinstate the 2021 Northern Corridor BiOp, but that consultation was only required under the ESA when the Northern Corridor Highway right-of-way was *approved*. In other words, now that the right-of-way has been *terminated*, there is no longer any need for consultation under the ESA. Thus, there is no harm to Plaintiff from the withdrawal of the 2021 Northern Corridor BiOp and Plaintiff's claims are moot.[82]

In sum, in addition to the lack of final agency action with respect to Plaintiff's First and Second claims, Defendants' 2024 decisions terminating the right-of-way and issuing an amended ITP excluding the Northern Corridor Highway changed circumstance remove the existence of any live case or controversy, rendering all of Plaintiff's claims moot.

---

[80] The ESA regulations regarding reinitiation of consultation merely describe when reinitiation is *required*. *See* 50 C.F.R. § 402.16. The regulations do not purport to limit agency discretion to reinitiate consultation for other reasons. Moreover, the D.C. District Court ordered remand of Defendants' decisions in Conservation Groups' prior case based on the agencies' need to conduct supplemental environmental analysis due to subsequent wildfires in the Desert Reserve, including within Mojave desert tortoise habitat. *See Conserve Sw. Utah v. U.S. Dep't of Interior*, No. CV 21-1506-ABJ, 2023 WL 72922785, at *7 (D.D.C. Nov. 16, 2023). This is plainly "new information reveal[ing] effects of the action that may affect listed species or critical habitat in a manner or to an extent not previously considered," warranting reinitiation. 50 C.F.R. § 402.16(a)(2).

[81] *See Ind*, 801 F.3d at 1213.

[82] *See New Mexico ex rel. Richardson v. U.S. Bureau of Land Mgmt.*, 565 F.3d. 683, 700–01 (10th Cir. 2009) (ESA consultation claim moot when species' status under the ESA changed during the litigation such that it no longer required consultation); *Rio Grande Silvery Minnow*, 601 F.3d at 1111–13 (plaintiff's case moot where requested remedy "would have no effect in the real world because [the challenged] biological opinions have been superseded"); *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005) (case moot where "[t]he portions of the Roadless Rule that were substantively challenged by Wyoming no longer exist").

## **CONCLUSION**

For the reasons stated above, Conservation Groups respectfully request that the Court grant their Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1).

Respectfully Submitted September 15, 2025.

_/s/ Hanna Larsen_
Hanna Larsen

Stephen Bloch
Todd Tucci (_pro hac vice_ application forthcoming)
Andrew Hursh (_pro hac vice_ application forthcoming)
Hannah Goldblatt (_pro hac vice_ application forthcoming)

Attorneys for Proposed Defendant-Intervenors Conservation Groups